1  Kenneth J. Catanzarite (SBN 113750)
   Email: kcatanzarite@catanzarite.com
2  Nicole Catanzarite-Woodward (SBN 205746)
   Email: ncatanzarite@catanzarite.com
3  CATANZARITE LAW CORPORATION
   2331 West Lincoln Avenue
4  Anaheim, California 92801
   Telephone: (714) 520-5544
5  Facsimile: (714) 520-0680

6  Attorneys for Plaintiffs

7

8              UNITED STATES DISTRICT COURT

9    CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

10                                          SACV10-00453 AG MLGx

11 VIJAY PATEL, an individual, on        Case No.: _____
   behalf of himself, and all others
   similarly situated,
12
           Plaintiffs,                    CLASS ACTION COMPLAINT
13                                        FOR THE FOLLOWING
   v.                                     COUNTS:
14
   NCMIC FINANCE CORPORATION,             1. Breach of Contract
15 doing business as Professional         2. Breach of the Duty of Good
   Solutions Financial Services an Iowa      Faith and Fair Dealing
16 corporation; NCMIC FINANCE            3. Fraud
   CORPORATION OF CALIFORNIA, a          4. Negligent Misrepresentation
17 California corporation; BRICAN         5. Unjust Enrichment
   AMERICA INC., a Florida corporation;  6. Untrue or Misleading
18 BRICAN AMERICA, LLC, a Florida            Statements Violation of the
   limited liability company; JEAN          California False Advertising
19 FRANCOIS VINCENS, an individual;         Law Cal. Bus. & Prof. Code §
   JACK LEMACON, an individual; and         17500, et seq.
20 VISO LASIK MEDSPAS, LLC, a           7. Fraudulent, Unfair, and
   Florida limited liability company.        Deceptive Business Practices
21                                           Violation of the California
                                             Unfair Competition Law Cal.
22                                           Bus. & Prof. Code § 17200, et
                                             seq.
23

24 //

25 //

26

27

28

                        CLASS ACTION COMPLAINT

[WP/100412 FedComplaint (Final).wpd]                          2795.301A.01

# TABLE OF CONTENTS

Page No.

I.     PRELIMINARY STATEMENT .................................. 1.

II.    JURISDICTION AND VENUE ................................. 2.

III.   THE PARTIES ............................................ 2.

IV.    ALTER EGO ALLEGATIONS ................................. 5.

V.     BACKGROUND FACTS; THE *SHARE YOUR SCREEN MAKE SOME GREEN*" PROMOTION AND THE 1990s RECOMM SCHEME ...... 6.

VI.    THE FAILURE TO MARKET ADVERTISING OTHER THAN VISO DISCLOSES THE FRAUDULENT SCHEME; THE VISO MEDSPAS BUSINESS PLAN AND FUNDING ........................... 10.

VII.   THE UNIFORM MARKETING AND PROMOTION OF THE EXHIBEO SYSTEM VIA THE GREEN PROMOTION, THE LEASES AND THE MARKETING AGREEMENT(S) .................... 13.

VIII.  THE PROCESS OF FUNDING; THE MISREPRESENTATIONS AND THE "POT" & "PARTNERSHIP" OF BRICAN INC, BRICAN LLC, VISO, VINCENS AND LEMACON PLAINTIFF'S NOTICE OF CANCELLATION ............................. 15.

IX.    CLASS ACTION ALLEGATIONS .............................. 20.

       COUNT I
       Breach of Contract (Plaintiff on behalf of the Nationwide Class
       [Including the California Subclass] v. Defendants) ................ 22.

       COUNT II
       Breach of the Duty of Good Faith and Fair Dealing
       (Plaintiffs on behalf of the Nationwide Class
        [Including the California Subclass] v. Defendants) ............... 24.

       COUNT III
       Fraud
       (Plaintiff on behalf of the Nationwide Class
        [Including the California Subclass] v. Defendants) ............... 25.

       COUNT IV
       Negligent Misrepresentation
       (Plaintiffs on behalf of the Nationwide Class
        [Including the California Subclass] v. Defendants) ............... 27.

       COUNT V
       Unjust Enrichment
       (Plaintiff and the Nationwide Class
       [Including the California Subclass] v. Defendant) ................. 28.

//

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

ii.

**CLASS ACTION COMPLAINT**

COUNT VI
Untrue or Misleading Statements Violation of the California False
Advertising Law Cal. Bus. & Prof. Code § 17500, et seq.
(Plaintiff on behalf of the California Subclass v. Defendants)  . . . . . . . .  29.

COUNT VII
Fraudulent, Unfair, and Deceptive Business Practices Violation
of the California Unfair Competition Law Cal. Bus. & Prof.
Code § 17200, et seq.
(Plaintiff on behalf of the California Subclass v. Defendants)  . . . . . . . .  31.

PRAYER FOR RELIEF  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  32.

JURY TRIAL DEMAND  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  33.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

iii.

**CLASS ACTION COMPLAINT**

[WP/100412 FedComplaint (Final).wpd]

2795.301A.01

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

1    Plaintiff, VIJAY PATEL, on behalf of himself, and all others similarly
2  situated (collectively referred to sometimes herein as "Plaintiff"), brings this
3  action against defendants NCMIC FINANCE CORPORATION, doing business as
4  Professional Solutions Financial Services ("PSFS") an Iowa corporation, NCMIC
5  FINANCE CORPORATION OF CALIFORNIA ("PSFS-CA") a California
6  corporation, BRICAN AMERICA INC. ("BRICAN INC") a Florida corporation,
7  BRICAN AMERICA, LLC ("BRICAN LLC"), a Florida limited liability
8  company, JEAN FRANCOIS (JACK) VINCENS ("VINCENS"), a Canadian and
9  French citizen and resident of Florida, JACK LEMACON ("LEMACON"), a
10  resident of Florida, VISO LASIK MEDSPAS, LLC ("VISO"), a Florida limited
11  liability company (collectively referred to sometimes herein as "Defendants") for
12  breach of contract (Count One); breach of the duty of good faith and fair dealing
13  (Count Two); fraud (Count Three); negligent misrepresentation (Count Four);
14  unjust enrichment (Count Five), under the California False Advertising Law, Cal.
15  Bus. & Prof. Code § 17500, *et seq.* (Count Six), under the California Unfair
16  Competition Law, Cal. Bus. & Prof Code § 17200, *et seq.* (Count Seven), and
17  allege:

**I.**

**PRELIMINARY STATEMENT**

20    1.    By this action, Plaintiff, on behalf of the class (herein the "Lessees"),
21  seeks damages and challenges BRICAN, PSFS and PSFS-CAs' in excess of 1,600
22  equipment lease agreements (the "Leases"), dating from May 2006, with those
23  persons who purchased equipment, the "Exhibeo System", from salespersons of
24  BRICAN INC and BRICAN LLC each of which was coupled with a "Marketing
25  Agreement", an example of which is attached to this complaint as Exhibit "A" and
26  incorporated by reference, which provided payments that would pay the Lessees
27  obligation under the Leases. Plaintiff alleges that PSFS and PSFS-CA were fully
28  aware that each of the Leases they were financing for BRICAN INC and BRICAN

1

**CLASS ACTION COMPLAINT**

LLC were being promoted and sold on the basis that the members of the plaintiff class, the Lessees, would not have any out of pocket expense for the Leases because the Lessees would in turn receive an equal payment amount  pursuant to the Marketing Agreement. Further, the Marketing Agreement provided that if payments ceased thereunder then BRICAN would repurchase the Exhibeo System, relieving the Lessees from any obligation under the Leases.

2.      In January 2010, BRICAN INC and BRICAN LLC announced they would no longer make the Marketing Agreement payments directly or indirectly for their affiliate VISO, and PSFS and PSFS-CA have notified the Lessees that, notwithstanding its knowledge of the buy back agreement, it nevertheless demands full and timely payment on the Leases.

3.      Further, Plaintiff alleges that PSFS and PSFS-CA knew, or in the exercise of reasonable diligence would have known, that VINCENS, who controlled BRICAN INC,  BRICAN LLC and VISO, had entered into a similar scheme in the mid 1990s which ended in a Chapter 11 bankruptcy and litigation when the advertising and marketing payments that had been agreed upon with lessees also stopped and the lessees suffered a similar fate.

4.      Plaintiffs allege, upon information and belief, that the conduct of the defendants was such that the entire Exhibeo System lease sales process was nothing more than a fraudulent scheme wherein the payments provided by PSFS and PSFC-CA to BRICAN LLC, for equipment leased by the new lessees was funding millions in compensation to VINCENS and LEMACON, capitalization of VISO and its various medspas and payments on the Marketing Agreement to earlier lessees.

5.      PSFS and PSFS-CA paid BRICAN INC and BRICAN LLC approximately $24,000, to acquire the Exhibeo System, when the actual equipment was worth no more than one-tenth or $2,400, with the Marketing Agreement when in the year of their relationship prior to introduction of the Marketing Agreement

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

[WP/100412 FedComplaint (Final).wpd]                                    2795.301A.01

1   to the sales process the very same Exhibeo System sold for $13,000.

2        6.     In the end, approximately $38 million was paid by PSFS and PSFS-

3   CA to BRICAN LLC and BRICAN INC pursuant to the fraudulent scheme and the

4   Lessees, without the relief requested herein, would be obligated on Leases totaling

5   in excess of $50 million.

6   **II.**

7   **JURISDICTION AND VENUE**

8        7.     Plaintiff invokes the Class Action Fairness Act ("CAFA"), 28 U.S.C.

9   §§ 1332(d) and 1453 in which this court has original jurisdiction over a class

10  action with at least 100 plaintiffs, which involves an amount in controversy over

11  $5,000,000 and in which minimal diversity exists between the defendants and any

12  member of the plaintiff class. Plaintiff alleges that none of the local and home-

13  state discretionary and mandatory controversy exceptions of 28 U.S.C. §

14  1332(d)(3), § 1332(d)(4)(A) and §1332(d)(4)(B) apply.

15       8.     This Court has supplemental jurisdiction over the California State

16  Law claims pursuant to 28 U.S.C. § 1367.

17  **III.**

18  **THE PARTIES**

19       9.     Plaintiff, VIJAY PATEL ("PATEL"), is currently residing in the

20  County of Los Angeles in the State of California.

21       10.    Defendant, BRICAN AMERICA INC. ("BRICAN INC"), is a Florida

22  corporation which at one time held California Certificate of Qualification as Entity

23  Number: C2795688, filed on July 22, 2005, since surrendered, with its business

24  offices located at 5301 Blue Lagoon Drive, Suite 520, Miami, Florida 33126.

25       11.    Defendant, BRICAN AMERICA, LLC ("BRICAN LLC"), is a

26  Florida limited liability company which holds California Certificate of

27  Qualification Entity Number: 200915510001, filed on June 2, 2009, with its

28  business offices located at 5301 Blue Lagoon Drive, Suite 520, Miami, Florida

CATANZARITE LAW CORPORATION<br>2331 WEST LINCOLN AVENUE<br>ANAHEIM, CALIFORNIA 92801<br>TEL: (714) 520-5544 • FAX: (714) 520-0680

3

**CLASS ACTION COMPLAINT**

1    33126.

2       12.    Unless otherwise indicated references to BRICAN herein shall mean

3    BRICAN INC and BRICAN LLC, jointly and severally, because each entity is the

4    alter ego of the other as described further below.

5       13.    Defendant, VISO LASIK MEDSPAS, LLC ("VISO") is a Florida

6    limited liability company, organized November 26, 2007, with its business offices

7    also located at 5301 Blue Lagoon Drive, Suite 520, Miami, Florida 33126.

8       14.    Defendant, JEAN FRANCOIS (JACK) VINCENS ("VINCENS"), is

9    a Canadian and French citizen and resident of Florida. VINCENS controls 50% of

10   the ownership of BRICAN INC and BRICAN LLC and with LEMACON 2/3rds

11   of the ownership of VISO.

12      15.    Defendant, JACK LEMACON ("LEMACON"), is a resident of

13   Florida. LEMACON controls 50% of the ownership of BRICAN INC and

14   BRICAN LLC and with LEMACON 2/3rds of the ownership of VISO.

15      16.    Defendant, NCMIC FINANCE CORPORATION is an Iowa

16   corporation, doing business as Professional Solutions Financial Services ("PSFS")

17   holding California Certificate of Qualification Entity Number: C2333249, filed

18   February 14, 2001, with its business offices located at 14001 University Avenue,

19   Clive, Iowa 50325, the Agent for Service of Process of which is National

20   Registered Agents, Inc. located at 2875 Michelle Drive, Suite 100, Irvine,

21   California 92606.

22      17.    Defendant, NCMIC FINANCE CORPORATION OF CALIFORNIA

23   is a California corporation, also doing business as Professional Solutions Financial

24   Services ("PSFS-CA") Entity Number: C2723090, incorporated on February 18,

25   2005, with its business offices located at 14001 University Avenue, Clive, Iowa

26   50325, the Agent for Service of Process of which is National Registered Agents,

27   Inc. located at 2875 Michelle Drive, Suite 100, Irvine, California 92606.

28      18.    Unless otherwise indicated herein, references to PSFS with respect to

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

4

**CLASS ACTION COMPLAINT**

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

1   the California subclass shall refer to PSFS and PSFS-CA jointly and severally.

2                                              IV.

3                              **ALTER EGO ALLEGATIONS**

4           19.    Plaintiff alleges that VINCENS and LEMACON are in control of and

5    so dominate the affairs of BRICAN INC, BRICAN LLC and VISO such that all

6    such entities are his/their alter egos and any separateness is a fiction and to

7    sanction separateness would operate as a fraud. The foregoing defendants are

8    controlled out of the same offices at  5301 Blue Lagoon Drive, Suite 520, Miami,

9    Florida 33126, share the same controlling persons in Defendants  VINCENS and

10   LEMACON, the same support personnel and files, the same computer and

11   electronic systems and move money between entities without any formalities as if

12   one combined "pot" and "partnership", to fund the opening of Lasik Medspas in

13   the states of California, Florida, Texas, North Carolina and others, as was

14   described in the sworn deposition testimony of VINCENS on October 8, 2009 in

15   litigation between PSFS and BRICAN INC, then pending in the District Court for

16   the Southern District of Florida, Case No. 09-21192, since terminated with a final

17   order of dismissal is entered on February 23, 2010 (such deposition testimony

18   referred to herein as the "Deposition").

19          20.    At all times relevant to this Complaint, Plaintiff is  informed,

20   believes, and thereon alleges that there exists and existed a unity of interest,

21   ownership and control between VINCENS and LEMACON and BRICAN INC,

22   BRICAN LLC and VISO such that any individuality and separateness between

23   them has ceased, and BRICAN INC, BRICAN LLC and VISO were and are, at all

24   times relevant to this Complaint, the alter egos of VINCENS and LEMACON and

25   one another, in that, without limitation, BRICAN INC, BRICAN LLC and VISO

26   at all times relevant to this Complaint, used and continue to use assets of one

27   another for VINCENS and LEMACON's personal use and benefit and one

28   another, and VINCENS and LEMACON so completely controlled, dominated,

---

**CLASS ACTION COMPLAINT**

[WP/100412 FedComplaint (Final).wpd]                                                        2795.301A.01

1  managed and operated BRICAN INC, BRICAN LLC and VISO, that any

2  separateness between VINCENS and LEMACON and BRICAN INC, BRICAN

3  LLC and VISO has ceased to exist.  Adherence to the fiction of separate existence

4  of BRICAN INC, BRICAN LLC and VISO as business entities distinct from one

5  another and VINCENS and LEMACON would permit an abuse of the corporate

6  and or limited liability company privilege and would instead promote injustice.

7       21.    Plaintiff is informed, believes, and thereon alleges that, at all times

8  relevant to this Complaint, BRICAN INC, BRICAN LLC and VISO were the alter

9  egos of one another and VINCENS and LEMACON as the agent, servant,

10  employee, joint venturer, authorized representative, or partner of each other, and

11  in doing the things hereinafter mentioned were acting within the course and scope

12  of said relationship, and with the knowledge, permission, consent or ratification of

13  each other.

V.

14

15  **BACKGROUND FACTS; THE "*SHARE YOUR SCREEN MAKE SOME**

16  *GREEN*" PROMOTION AND THE 1990s RECOMM SCHEME**

17       22.    Upon information and belief, PSFS is in the business of, inter alia,

18  providing financing, often through leases, such as the Leases here involved, to

19  creditworthy entities, such as the Lessees here involved, to allow those entities to

20  obtain goods and services.

21       23.    Upon information and belief, BRICAN is in the business of leasing to

22  medical, dental, optometry and chiropractic providers, a combined

23  television/computer system, described under the marketing and system name,

24  Exhibeo System, which displays health care information to patients visiting the

25  Lessees' offices.

26       24.    Upon information and belief, on or about July 15, 2005, PSFS and

27  BRICAN INC entered into a "Vendor Agreement", pursuant to which, PSFS

28  agreed to accept assignment of leases and thereby to purchase certain equipment

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

6

[WP/100412 FedComplaint (Final).wpd]                                          2795.301A.01

1   and software from BRICAN INC for the purpose of leasing or financing the same

2   for customers of BRICAN INC and BRICAN LLC.

3       25.    From July of 2005 until May of 2006, the cost of the Exhibeo System

4   was marketed without the Marketing Agreement and the equipment loaded with

5   the software, cost approximately $13,000. Sales were very low because the

6   purchase had to stand on its own economically for each lessee.

7       26.    Commencing in May of 2006 VINCENS launched the *"Share Your*

8   *Screen Earn Some Green"* promotion which coupled the Lease with a Marketing

9   Agreement which, in a uniform manner, represented that the payments under the

10   Marketing Agreement would pay the Lease (the "Green Promotion").

11       27.    At the time of the Green Promotion the cost of the very same Exhibeo

12   System was increased by $11,000 to $24,000 because, as VINCENS would

13   explain he "wanted to make more money".

14       28.    Since PSFS funded all leases, both before and after May of 2006, it

15   was fully aware of not only the increased Exhibeo System price to $24,000 but

16   also the Marketing Agreement.

17       29.    Plaintiff alleges upon information and belief that VINCENS told Fred

18   Scott and Todd Cook, agents of PSFS, about the Green Promotion and gave a copy

19   of the Marketing Agreement to Todd Cook and PSFS encouraged the scheme

20   because it envisioned and realized substantial sales and placement of new leases.

21       30.    Plaintiff alleges upon information and belief that PSFS became a

22   willing participant in the fraudulent scheme when it embraced the plan because at

23   that time it knew or in the exercise of reasonable diligence, should have known

24   about VINCENS past with respect to his involvement in the early 1990s litigation

25   concerning Optical Technologies, Inc., and a group of affiliated companies,

26   Recomm International Display Corp., Recomm Operations, Inc, and Recomm

27   Enterprises, Inc. (hereafter referred to collectively "Recomm"). After the failure of

28   Recomm in 1993, VINCENS left the United States for Canada and Europe and did

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

7

**CLASS ACTION COMPLAINT**

[WP/100412 FedComplaint (Final).wpd]        2795.301A.01

1  not return until 2004.

2      31.    The Recomm case involved a scheme virtually identical to that

3  involved here, indeed BRICAN can be substituted for Recomm for most elements

4  and compared as follows:

5          a.     Recomm used electronic billboards and kiosks (collectively

6  "kiosks") for advertising with a series of advertisers it lined up to pay fees

7  from which Recomm would take a percentage for management and pass the

8  remainder to the lessees. *In comparison:* BRICAN uses the Exhibeo System

9  to display the advertising materials of its alter ego VISO which was

10 purported to make payments for the advertising obligation.

11         b.     Recomm, convinced several advertising agencies of the merits

12 of advertising via the kiosks. These advertisers were to pay various fees

13 from which Recomm would take its management percentage and pass the

14 remainder to the lessees.  *In comparison:* BRICAN inserted its own affiliate

15 and alter ego VISO, with a minimum payment sufficient to cover the annual

16 lease obligation, with the knowledge that VISO was first only an idea and

17 later a start up and had no revenue to pay for advertising let alone millions

18 in advertising fees as occurred here.

19         c.     Recomm convinced pharmacists, veterinarians, optometrists,

20 and others of the profits they would earn by locating the kiosks at their

21 places of business if they became lessees. *In comparison:* BRICAN targeted

22 the very same market and added dentists to the mix with the Exhibeo

23 System in place of kiosks.

24         d.     Recomm acquired the necessary kiosks, leased them to the

25 pharmacists and others, the lessees. Recomm assigned the leases to finance

26 companies who paid Recomm up front and became the lessors. Recomm

27 also entered into advertising contracts with the Lessees that provided that

28 the lessees would receive a stated percentage of the advertising fees. *In*

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

8.

**CLASS ACTION COMPLAINT**

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

*comparison:* BRICAN LLC acquired the Exhibeo System and ostensibly sold the same to BRICAN INC which entered into a series of leases, the Leases, with the Lessees, which BRICAN INC assigned to PSFS, and in California PSFS-CA, who became lessor. Lessees entered into the Marketing Agreement with BRICAN LLC and VISO which provided that the Lessees would receive a minimum annual fee and a potential for more.

e.      Recomm received payments from the advertising agencies, from which it took a percentage and passed on the remainder to the lessees. Recomm represented to the lessees, and the lessors, that the lessees' share of the advertising fees would provide an amount that would, more than cover, the lessees' lease payments. *In comparison:* BRICAN went further in the Exhibeo System scheme and provided, by the Marketing Agreement, that the minimum annual advertising fee to be paid by its affiliate and alter ego VISO would be $5,800 and in the event the payments ceased it would buy back the equipment thus relieving the Lessees of the obligation under the Leases. The minimum Marketing Agreement payment, compared to the annual lease payments of $6,096 ($508 per month for 12 months),was a shortfall of only $296 per year or $24.66 per month. By all representations the combination of the Leases with the Marketing Agreement meant the Lessees would be minimally out of pocket on a guaranteed basis.

f.      Recomm's projections of adverting revenue was far short of its forecast and the lessees share of advertising fees from the kiosks was far short of the amount necessary to make the lease payments. The lessees were unable to make the lease payments because of the advertising revenue shortfall and, as a consequence, defaulted on the lease payments. The lessors commenced collection efforts. *In comparison:* BRICAN has announced that it will not make any further payments on the Marketing Agreement and the Lessees are under financial pressure and defaults are

9

**CLASS ACTION COMPLAINT**

rising among the plaintiff Lessee class and PSFS is threatening collection action on the Leases and is refusing to honor the buy back term of the Marketing Agreement.

## VI.

## THE FAILURE TO MARKET ADVERTISING OTHER THAN VISO DISCLOSES THE FRAUDULENT SCHEME; THE VISO MEDSPAS BUSINESS PLAN AND FUNDING

32.     VINCENS knew and at that time, PSFS either knew or in the exercise of reasonable diligence, should have known, that the increased cost from $13,000 to $24,000 for the very same Exhibeo System was funding the Marketing Agreement payments, the start up of VISO and millions to VINCENS and LEMACON because when the Green Promotion started in May of 2006, VISO was nothing more than a concept and at best a business plan in search of funding.

33.     VINCENS  in his Deposition testified that at the time of the launch of the Green Promotion in May of 2006 VISO had no operating business location only an idea and that the first such VISO Lasik Medspa opened in south Florida in April of 2007, called Wellington, one year later.

34.     Plaintiff alleges, upon information and belief, that VISO opened only three medspas in the states of Florida, North Carolina and Texas and while in negotiation to open one in Northern California which because of PSFS cutting off funding in April of 2009 was not opened.

35.     As each of the Leases were signed the Lessees were each obligating themselves for payments of $508 per month with a present value of $27,542, using a 5% discount rate. Comparatively, as VISO and BRICAN signed each Marketing Agreement with the $5,800 minimum payments, payable quarterly, the present value of the obligation was $26,235, over the same term as the Leases, using a 5% discount rate. The present value difference was only $1,307 for each lease signed. //

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

[WP/100412 FedComplaint (Final).wpd]                                         2795.301A.01

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

36.     PSFS while funding each 100 leases was paying BRICAN LLC $2,400,000 and would know that BRICAN LLC and VISO were obligating themselves simultaneously for $2,623,500 in minimum advertising fee payments and a buy back for the equipment in the event those payments stopped.

37.     Had PSFS conducted any due diligence on BRICAN LLC and VISO it would have learned, if it did not already know, that the payments it was making was funding marketing fee payments to earlier lessees, millions to VINCENS and LEMACON and a start up idea of medspas to give the scheme a cover story.

38.     PSFS either knew or in the exercise of reasonable diligence would have known, that VISO, the business entity appearing jointly as obligor with BRICAN LLC on the Marketing Agreement had not been formally organized and would not be organized until November 2007 and that as the Green Promotion commenced there was not a single VISO medspa in existence that could demonstrate successful operation.

39.     Moreover, VINCENS, in his Deposition testified that:

a.     BRICAN LLC and VISO agreed to pay the minimum fee of $5,800 in order to get the money from PSFS.

b.     VINCENS recognized that VISO paying a marketing fee for advertising in a Los Angeles dental office bore no possibility of generating a visitor to the VISO medspas in Florida, Texas and North Carolina.

c.     The money BRICAN LLC received from the sales to PSFS created "a pot in order to open a Lasik center in Florida, Texas and North Carolina" and the advertising fee generated money to lend to VISO to open the centers.

d.     As of the time of the Deposition $7 million had been loaned to VISO directly from the funds BRICAN LLC received from PSFS.

e.     As of the time of the Deposition VISO had not paid any amount towards the $5,800 minimum advertising fee on any of the Leases.

11

**CLASS ACTION COMPLAINT**

f.      BRICAN LLC made no efforts until commencing in October of 2009 to find advertisers other than VISO to advertise on the Exhibeo System.

g.      As of the time of his Deposition no advertisers other than VISO had been placed under contract to pay a fee for advertising on the Exhibeo System.

40.     PSFS in the exercise of reasonable diligence would have read the Marketing Agreement and questioned easily determined that the ability to pay a continued $5,800 per year under the marketing agreement and to viably back up the guarantee to repurchase the Exhibeo System if BRICAN LLC and VISO were unable to pay the advertising fee, was entirely dependent upon the financial strength of VISO, BRICAN INC and BRICAN LLC.

41.     Plaintiff alleges that PSFS and PSFS-CA turned a blind eye to any investigation of the Marketing Agreement and financial viability of the representations contained therein and failed to obtain and evaluate the financial statements of BRICAN INC, BRICAN LLC and/or VISO to make such a determination. Any such investigation would have disclosed the obvious, that the Green Promotion was nothing more than a fraudulent scheme by VINCENS and LEMACON to syphon millions of dollars from the Lessees.

42.     The Green Promotion was very successful and in the period from May 2006 through late 2008, BRICAN became the largest source by both volume of leases and dollar commitments for PSFS.

43.     As a result of the Green Promotion, PSFS funded in excess of 1,600 leases, the Leases, with customers of BRICAN INC and BRICAN LLC, the "Lessees", each members of the Nationwide Class and or the California subclass.

//

//

//

**CLASS ACTION COMPLAINT**

[WP/100412 FedComplaint (Final).wpd]                                                    2795.301A.01

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

## VII.

## THE UNIFORM MARKETING AND PROMOTION OF THE

## EXHIBEO SYSTEM VIA THE GREEN PROMOTION, THE LEASES AND

## THE MARKETING AGREEMENT(S)

44.     The Green Promotion was a nationwide effort that involved a sales force including representatives in each state where the marketing effort was under way including California.

45.     BRICAN trained all of its representatives at its Florida offices and used a uniform approach to what would be delivered by each of them verbally and in terms of documentation with respect to the Exhibeo System, including advertising and promotional materials in print and on the web.

46.     BRICAN in conjunction with VISO, and with the knowledge of PSFS, in a uniform and systematic manner, marketed the Exhibeo System as a 'no cost' system on a "Share Your Screen. Earn Some Green" (the "Green Promotion") promotion as follows:



**CLASS ACTION COMPLAINT**

47.     Further, BRICAN, in print and on the web, marketed the Exhibeo System with the following representation:

Good business plans rely in part, on good relationships. *Such as the one VISO LASIK MEDSPAS is offering to handpicked physicians like you.*

*VISO LASIK MEDSPAS would like to purchase a **small percentage** of your on-screen message time* to promote its LASIK facilities through Brican America LLC. Knowing that VISO LASIK MEDSPAS is the pinnacle of LASIK centers places your office in good company. It is recognition by association.

Of course, the same Brican-quality and style of messages that promote your practice will be used for the promotion of VISO LASIK MEDSPAS, as well. So you never have to concern yourself with the quality of our presentation.

But most of all, there is more in this for you than simple recognition. *VISO LASIK MEDSPAS is offering to **sponsor you** in return for our shared use of your screen. It's as if **VISO LASIK MEDSPAS, in association with Brican America LLC, were practically underwriting your own EXHIBEO System**.*

Just *for the use of a small 10 percent of your screen time **It's like having a partner in your financing***.

Your Brican America LLC representative will he more than happy to explain in greater detail how ***our Share Your Screen program*** works. And how it can positively affect your bottom line.

It's a marketing proposal that benefits you, your patients and VISO LASIK MEDSPAS.

But *because we are making offer only to a select few physicians' offices in each VISO LASIK MEDSPAS market area we **urge you to make your decision rapidly**.* Think of *it as money in the bank*. It's a relationship you can t afford to let slip away.
*Emphasis added.*

48.     Each of the Lessees entered into two separate agreements, an Equipment Lease Application and Agreement for the Exhibeo System, by and between BRICAN INC and the lessee, and a Marketing Agreement, by and between, BRICAN LLC and VISO on the one hand and "Client" the Plaintiff and class on the other.

//

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

14

**CLASS ACTION COMPLAINT**

49.     The Equipment Lease Application and Agreement, based upon information and belief, was a form provided by PSFS to BRICAN, to use as its 'private label' for its use in signing leases with each of the Lessees. No where on the form is there any express reference to PSFS. Each of Leases provided:

a.      The "Lessor" was described as BRICAN INC.

b.      The "Equipment Description" was the Exhibeo System.

c.      Payment terms were 3 months at $0 and then 60 months at $508 per month with a $1.00 buyout at end of term.

50.     The Exhibeo System was comprised of various items, including a monitor, computer, video camera and specialized informational videos loaded onto the system regarding health issues and medical care.

51.     PSFS knew that BRICAN operated a website to maintain the software of video libraries and provided ongoing support for the Exhibeo System at the time it made the payments to BRICAN LLC on the Leases.

## VIII.

### THE PROCESS OF FUNDING; THE MISREPRESENTATIONS AND THE "POT" & "PARTNERSHIP"

### OF BRICAN INC, BRICAN LLC, VISO, VINCENS AND LEMACON

### PLAINTIFF'S NOTICE OF CANCELLATION

52.     PSFS and not BRICAN INC, the lessor on the lease, reviewed the credit of each of the potential lessees.

53.     Once approved by PSFS, BRICAN would arrange the delivery of the Exhibeo System and once proof of delivery was confirmed, BRICAN LLC would fax an invoice to PSFS for the $24,000 would then be paid BRICAN LLC. Indeed BRICAN maintained no inventory of the Exhibeo System and each unit was shipped directly from the provider.

//

//

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

15

**CLASS ACTION COMPLAINT**

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

54.   The Marketing Agreement, sold as a part of the Green Promotion for the Exhibeo System, and in the hands of PSFS since May of 2006, conveyed to each of the Lessees that if VISO did not pay the payments due under the Marketing Agreement that "BRICAN will repurchase [Lessees'] lease agreement in regard to the Exhibeo [System]." wherein it was provided:

...

D)    **Purchase of Advertising**: Brican America LLC (Brican), **on behalf of VISO LASIK MEDSPAS LLC**. Shall purchase advertising space from the Client in accordance with the terms of this Agreement for each year that this Agreement remains in effect. The purchase of the advertising space hereunder may be made by Brican or any other entity in which Brican is related by ownership.

E)    **Advertising Space**: The Client agrees to allow Brican to insert advertising spots within the animations or messages chosen and displayed by the Client. Brican advertising space will not exceed one tenth (1/10) of the space occupied by the Client and will consist of 15 seconds animations after each sequence of 4 client's animations.

...

G)    **Advertising Fees**: Brican agrees to pay Client a minimum of $ _5,800_ per year for advertising space, **for each year this Agreement remains in effect**. Within thirty (90) days following the end of each year of the term of this Agreement, Brican will review the value of the advertising space provided by Client, taking into account potential customer volume at Client's facility and actual business generated from LASIK patients from such advertisements except for those receiving co-management fees from VISO LASIK MEDSPAS, Brican will adjust the annual advertising payment, on an annual basis, retroactive to the beginning of the then current year of the term, based upon Brican's determination of the fair market value

16

**CLASS ACTION COMPLAINT**

of advertising space at Client's facility but the annual value will never be less than the minimum amount specified above.

H)    **Timing of Payments**: Client will become <u>eligible</u> for the payment schedule described below 90 days after delivery of the Exhibeo Concept. **This does not mean the quarterly payments begin after 90 days**. All applicable payments issued by Brican to the Client, in accordance with Paragraph D, will be paid on a quarterly basis according to the following schedule: January 1st / April 1st / July 1st / October 1st The first and last payments will be prorated.

I)    **Term**: This Agreement *<u>shall be effective for a period of two years following delivery of the Exhibeo Concept, and shall automatically be renewed for three (3) additional, consecutive one year terms, unless terminated by the Client upon written notice to Brican</u>*. Brican may terminate this Agreement upon written notice to the Client if the Client is in default with respect to lease payments to the institution which is financing the Exhibeo Concept for the Client.

J)    **Cancellation**: *<u>If VISO LASIK MEDSPAS fails to honor its commitment relating to the advertising fees and if the Client requests it, Brican will repurchase the Clients lease agreement in regard to the Exhibeo Concept</u>*.

*Emphasis added.*

55.    Based upon information and belief, VISO never paid any of the fees due under the Marketing Agreement, all such fees were paid out of new Lessees' money funded from PSFS from new leases assigned to it by BRICAN INC pursuant to which payments were made to BRICAN LLC.

56.    BRICAN INC, BRICAN LLC and VISO announced in January of 2010 that they would be unable to continue to pay any of the minimum advertising fees under the Marketing Agreement for any of the Lessees.

Catanzarite Law Corporation
2331 West Lincoln Avenue
Anaheim, California 92801
Tel: (714) 520-5544 • Fax: (714) 520-0680

**CLASS ACTION COMPLAINT**

[WP/100412 FedComplaint (Final).wpd]

2795.301A.01

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

57.     Once the Marketing Agreement payments stopped, Plaintiff, in accordance with paragraph J. thereof, demanded that BRICAN repurchase his Exhibeo System such that he would no longer be obligated to pay the lease and BRICAN has refused claiming it is unable to do so.

58.     On February 23, 2010, Plaintiff wrote to PSFS which, Plaintiff alleges is responsible, given its knowledge of the Green Promotion for the representations under the Marketing Agreement and paragraph J. thereof:

> ... I regret to inform you that I am not willing to continue the lease that I have with you and *as per our contract* am requesting the buyout of Bricam(sic). Please consider this as my final 30 day notice and arrange for pick up of your equipment...
>
> *Emphasis added.*

59.     PSFS has refused to pick up the Exhibeo System claiming that it has nothing to do with the Marketing Agreement's promise of a buy back.

60.     Plaintiff, based upon information and belief alleges that PSFS and PSFS- CA knew or in the exercise of reasonable diligence would know that:

a.     BRICAN's sales staff was instructed to offer the Marketing Agreement to every potential Lessee of the Exhibeo System, regardless of where the Lessee was located in the United States.

b.     Pursuant to the Marketing Agreement, BRICAN LLC and VISO promised the Lessees advertising fees in exchange for advertising Viso Medspas 10% of the time on their Exhibeo System and that these fees were virtually identical to the Lessees' payments due to PSFS on the Leases.

c.     BRICAN's sales staff promoted the Marketing Agreement as making the Lessees' obligation on the Leases virtually free.

d.     BRICAN's sales staff promoted the Marketing Agreement as a promise to buy back the Exhibeo System, thus canceling the remaining obligations of the Lessees' on the Leases in the event that BRICAN LLC

18

**CLASS ACTION COMPLAINT**

and VISO discontinued the payments of the advertising fees thus providing a guarantee that the Exhibeo System was virtually free.

e.      VISO was not a viable business capable of paying the minimum advertising fees pursuant to the Marketing Agreement and that no other business contracted for or even being solicited to offset the obligations of VISO on each of such agreements.

f.      PSFS knew that the Marketing Agreement was being executed by virtually all of the Lessees on the Leases, regardless of where the lessee was located.

g.      Based on the terms of the Marketing Agreement, for each sale that BRICAN made it and VISO were incurring an obligation to each of the Lessees in an amount greater than what PSFS funded on behalf of each of the Leases when it acquired an Exhibeo System from BRICAN LLC.

h.      In short, BRICAN could only stay in business by continuing to originate new sales, and receiving the up-front payment from PSFS, to pay for its existing Marketing Agreement obligation to each of the Lessees.

i.      BRICAN had a continuing obligation to support the Exhibeo System software and to update the on line library.

j.      That VINCENS involvement with Recomm posed virtually a certain risk that the Green Promotion was simply a recycled and updated version of the earlier fraudulent scheme.

k.      The Leases and the Marketing Agreement(s) operated as "one" agreement and given PSFS knowledge and involvement in the scheme, PSFS is responsible for the buy back guarantee, and each and every one of the Leases must be canceled.

l.      The representation that if BRICAN LLC and VISO stopped making payments pursuant to the Marketing Agreement that the Lessees could discontinue their payments to PSFS on the Leases was a known risk

Catanzarite Law Corporation
2331 West Lincoln Avenue
Anaheim, California 92801
Tel: (714) 520-5544 • Fax: (714) 520-0680

19

**CLASS ACTION COMPLAINT**

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

and guarantee assumed by PSFS by virtue of its involvement in and knowledge of the Green Promotion which utilized the same.

## IX.

## CLASS ACTION ALLEGATIONS

61.    Pursuant to Rule 23 (a) and (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of himself and a Nationwide Class of similarly situated persons defined as:

**All persons who leased the Exhibeo System equipment coupled with a Marketing Agreement from BRICAN INC and or BRICAN LLC and whose lease is assigned to PSFS or retained by BRICAN INC or BRICAN LLC from May 2006 and continuing to present (the "Class Period").**

62.    Plaintiff also brings certain of the claims, as identified hereafter, on behalf of the following California Subclass:

**All persons in the State of California who leased the Exhibeo System equipment coupled with a Marketing Agreement from BRICAN INC and or BRICAN LLC and whose lease is assigned to PSFS and or PSFS-CA or retained by BRICAN INC or BRICAN LLC during the Class Period.**

63.    Excluded from the Nationwide Class and California Subclass are the officers, directors, and employees of Defendants, and its/his/their legal representatives, heirs, successors, and assigns.

64.    Plaintiff does not know the exact number of class members. As alleged herein commencing on or about May, 2006, BRICAN INC and BRICAN LLC joined by VISO commenced a the Green Promotion scheme of coupling the Marketing Agreement with the Lease and made the uniform representations related thereto as described above to all the Lessees with respect to each of the Leases. Plaintiff believes that the class members number in excess of 1,600

20

**CLASS ACTION COMPLAINT**

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

1   Lessees and as such are sufficiently numerous and geographically dispersed

2   throughout the United States that joinder of all class members is impracticable.

3       65.    There are questions of law or fact common to the Nationwide Class

4   and the California Subclass, including, but not limited to, the following:

5           a.    Whether the Lease coupled with the Marketing Agreement is

6   enforceable where the uniform representation was made that the Marketing

7   Agreement payments would offset the Lease obligation and that in the event

8   the payments thereunder stopped the Leases could be canceled including as

9   against PSFS and PSFS-CA;

10          b.    Whether PSFS and PSFS-CA had actual or constructive

11  knowledge of the uniform representations described at paragraphs 40-41,

12  50-51 and 60 above or are otherwise chargeable with such knowledge;

13          c.    Whether defendants are in violation of Cal. Bus. & Prof Code §

14  17500, et seq.;

15          d.    Whether defendants are in violation of Cal. Bus. & Prof. Code

16  § 17200, et seq.;

17          e.    Whether Plaintiffs and members of the class are entitled to

18  damages and/or restitution and the appropriate measure of damages; and

19          f.    Whether Plaintiffs and members of the class are entitled to

20  injunctive and other equitable relief.

21      66.    Plaintiff is a member of the Nationwide Class and a member of the

22  California Subclass. Plaintiff's claims are typical of the claims of other class and

23  subclass members.

24      67.    Plaintiff will fairly and adequately protect the interests of the

25  Nationwide Class and California Subclass. There is no conflict of interest between

26  Plaintiff and other members of the Nationwide Class and/or California Subclass.

27  Plaintiff is represented by counsel experienced in class actions and consumer law.

28  //

**CLASS ACTION COMPLAINT**

68.   Defendants have acted in an unlawful manner on grounds generally applicable to all members of the Nationwide Class and California Subclass.

69.   The questions of law or of fact, common to the claims of the Nationwide Class and California Subclass, predominate over any questions affecting only individual class members, so that the certification of this case as a class action is superior to other available methods for the fair and efficient adjudication of the controversy

70.   For these reasons, the proposed Nationwide Class and California Subclass may be certified under Rule 23 of the Federal Rules of Civil Procedure.

<u>COUNT I</u>

**Breach of Contract (Plaintiff on behalf of the Nationwide Class [Including the California Subclass] v. Defendants)**

71.   Plaintiff repeats and incorporates herein by reference the allegations in the preceding paragraphs of this Complaint, as if set forth fully herein. Plaintiff brings this cause of action on behalf of himself and the Nationwide Class, including the California Subclass.

72.   As alleged herein, each of the Leases of the Lessees was procured by the uniform Green Promotion representations and coupled with the Marketing Agreement such that each of the Leases and each related Marketing Agreement operated as "one" agreement.

73.   The Marketing Agreement provides at paragraph J. thereof as follows:

J)   **Cancellation:** *If VISO LASIK MEDSPAS fails to honor its commitment relating to the advertising fees and if the Client requests it, Brican will repurchase the Clients lease agreement in regard to the Exhibeo Concept.*

*Emphasis added.*

//

22

**CLASS ACTION COMPLAINT**

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

74.     Plaintiff alleges that PSFS and PSFS-CA was fully aware of and consented to the foregoing provisions of the Marketing Agreement and knew or in the exercise of reasonable diligence would have known that VINCENS through BRICAN INC, BRICAN LLC and VISO was involved in a fraudulent scheme that would end with a default on the Marketing Agreement and the insolvency of VINCENS, LEMACON, BRICAN INC, BRICAN LLC and VISO and a breach of the Marketing Agreement.

75.     Plaintiff alleges that since PSFS and PSFS-CA took the lease assignment with knowledge of the scheme, it is bound to cancel each of the Leases of each of the Lessees.

76.     PSFS and PSFS-CA have refused to cancel each of the Leases of the Lessees and has refused to acknowledge Plaintiff's express cancellation of his lease as above described at paragraph 58.

77.     Plaintiffs and members of the Nationwide Class and California Subclass have suffered harm as a result of the breach of the Marketing Agreement and the refusal of BRICAN LLC and VISO to abide by the Marketing Agreement right to cancel the Leases as above described.

78.     The threat by PSFS and PSFS-CA to pronounce a default on each of the Leases as to each of the Lessees in the event they exercise their rights under the Marketing Agreement and opt to cancel the Leases, operates as a threat to damage the credit reporting status of each of the class members, which will have a negative impact upon the credit standing of the class members.

79.     Plaintiffs and members of the Nationwide Class and California Subclass seek a determination that each of the Leases as to each of the respective Lessees is subject to cancellation as a result of breach of the Marketing Agreement; preliminary and permanent injunctive, declaratory, and equitable relief as may be appropriate; actual damages, and disgorgement of any profits made by defendants as a result of this scheme involving the Leases and the Green

23

**CLASS ACTION COMPLAINT**

Promotion; and reasonable attorney's fees and other litigation costs.

## COUNT II

### Breach of the Duty of Good Faith and Fair Dealing

### (Plaintiffs on behalf of the Nationwide Class

### [Including the California Subclass] v. Defendants)

80.     Plaintiff repeats and incorporates herein by reference the allegations in the preceding paragraphs of this Complaint, as if set forth fully herein. Plaintiff brings this cause of action on behalf of himself and the Nationwide Class, including the California Subclass.

81.     Implied in each and every contract including the Leases here involved and the related Marketing Agreement, each as above described.

82.     The refusal of the Defendants to acknowledge the right of Plaintiff and the Lessees to cancel each of the Leases based upon the breach of the Marketing Agreement is a breach of not only the "one" agreement here involved but a breach of the covenant of good faith and fair dealing related thereto.

83.     The threat by PSFS and PSFS-CA to pronounce a default on each of the Leases as to each of the Lessees in the event they exercise their rights under the Marketing Agreement and opt to cancel the Leases, operates as a threat to damage the credit reporting status of each of the class members, which will have a negative impact upon the credit standing of the class members.

84.     Plaintiffs and members of the Nationwide Class and California Subclass seek a determination that each of the Leases as to each of the respective Lessees is subject to cancellation as a result of breach of the Marketing Agreement; preliminary and permanent injunctive, declaratory, and equitable relief as may be appropriate; actual damages, and disgorgement of any profits made by defendants as a result of this scheme involving the Leases and the Green Promotion; and reasonable attorney's fees and other litigation costs.

//

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

24

**CLASS ACTION COMPLAINT**

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

## COUNT III

### Fraud

### (Plaintiff on behalf of the Nationwide Class

### [Including the California Subclass] v. Defendants)

85.     Plaintiff repeats and incorporates herein by reference the allegations in the preceding paragraphs of this Complaint, as if set forth fully herein. Plaintiff brings this cause of action on behalf of himself and the Nationwide Class, including the California Subclass.

86.     At the time BRICAN representatives made the aforementioned representations Defendants, VINCENS, LEMACON, BRICAN INC, BRICAN LLC and VISO knew and PSFS and PSFS-CA either knew or recklessly disregarded "red flags" that would have so informed it/them of the truth, that the Green Promotion was a fraudulent scheme to sell the Exhibeo System in a manner solely to raise money for VINCENS and LEMACON and to earn profits on the Leases payable from the Lessees to PSFS and PSFS-CA, and that the Defendants had no legitimate expectation or reasonable basis to conclude that VISO could afford to pay the advertising fee from its non-existent and later unprofitable operations.

87.     Plaintiff alleges that PSFS and PSFS-CA, if it/they did not already know the truth, ignored the following "red flags" that would have disclosed the truth:

         a.      VINCENS comparative involvement with the Recomm business failure which would have shown up in any reasonable background investigation;

         b.      The price increase of $11,000 to $24,000 for the very same Exhibeo System when coupled with the Marketing Agreement commencing in May of 2006;

//

**CLASS ACTION COMPLAINT**

[WP/100412 FedComplaint (Final).wpd]                                              2795.301A.01

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

c.      VISO's lack of existence and lack of any business activity, let alone profitable business activity;

d.      VISO's lack of any reasonably based business plan with adequate capitalization therefore independent of the scheme of selling the Exhibeo System to Lessees pursuant to the Leases;

e.      That VISO never paid any advertising fees pursuant to the Marketing Agreement and that the payments were being paid by BRICAN LLC which only source of cash were the sale of Exhibeo Systems to PSFS and PSFS-CA;

f.      That VISO was purportedly 'advertising' nationwide when it in early 2009 had medspas in only three limited geographic areas and that logically patients of the Lessees who would view the advertising would not travel great distances to have treatment done when the equal Lasik treatment was available in their locality;

g.      The present value of each Marketing Agreement obligation by BRICAN LLC and VISO to pay advertising fees was $26,235 when the amount paid to BRICAN LLC for the Exhibeo System was $24,000; and

h.      The Exhibeo System was not inventoried by BRICAN INC or BRICAN LLC and had an actual cost of only $2,400, an amount that was so disproportionate to the payment of $24,000, as to signal a fraudulent scheme when contrasted to the pre-Green Promotion Marketing Agreement coupling with the Leases, where the same equipment was sold for only $13,000.

88.      Plaintiff and the class reasonably relied upon the representations of the Green Promotion and would have had no way of reasonably learning the truth.

89.      Defendants made the foregoing promises and representations, or stood silent knowing the truth or recklessly disregarding the "red flags" that would have led to the truth, knowing that Plaintiff and the class would reasonably rely on the same and with the intended purpose of inducing Plaintiff and the class of

Lessees to sign the Leases and obligate themselves thereon.

90.     PSFS and PSFS-CA motive for hiding its knowledge of the truth and ignoring the "red flags" was to garner substantial profits from the Leases while it/they believed they could later plausibly deny such knowledge.

91.     But for Defendants promises and representations, Plaintiff and the class would not have signed the Leases, had the truth been known.

92.     PSFS and PSFS-CA either learned the truth, or recklessly disregarded the above "red flags" which would have disclosed the same, but joined in and assisted in the scheme to make profits on the Leases for itself/themselves.

93.     As a direct and proximate result of such conduct by Defendants, and each of them, Plaintiff and the class, have been damaged, the precise amount of which damages will be determined according to proof at trial.

94.     In acting in the manner described above, Defendants, and each of them, acted with oppression, fraud and malice generally as well as within the meaning of California Civil Code section 3294.  As such, Plaintiff and the class is additionally entitled to an award of punitive or exemplary damages in a sum sufficient to punish or set an example of their truly despicable conduct.

95.     Plaintiff and the class request all other and appropriate relief.

## COUNT IV

### Negligent Misrepresentation

### (Plaintiffs on behalf of the Nationwide Class

### [Including the California Subclass] v. Defendants)

96.     Plaintiff repeats and incorporates herein by reference the allegations in the preceding paragraphs of this Complaint, as if set forth fully herein. Plaintiff brings this cause of action on behalf of himself and the Nationwide Class, including the California Subclass.

97.     This Count IV is an alternative to Count III.

//

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

27

**CLASS ACTION COMPLAINT**

[WP/100412 FedComplaint (Final).wpd]

2795.301A.01

98.     At the time BRICAN representatives made the aforementioned representations Defendants, VINCENS, LEMACON, BRICAN INC, BRICAN LLC, VISO, PSFS and PSFS-CA either knew or negligently disregarded "red flags" that would have so informed it/them of the truth, that the Green Promotion was not based upon reasonable forecasts and projections such that the representations that VISO would be able to pay the advertising fees pursuant to the Marketing Agreement was erroneous.

99.     Plaintiff, did not know the truth about the representations being made nor that the Defendants lacked a reasonable basis therefore.

100.    As a direct and proximate result of such negligent representation by Defendants, and each of them, Plaintiff and the class, have been damaged, the precise amount of which damages will be determined according to proof at trial.

101.    Plaintiff and the class request all other and appropriate relief.

## COUNT V

### Unjust Enrichment

### (Plaintiff and the Nationwide Class

### [Including the California Subclass] v. Defendant)

102.    Plaintiff repeats and incorporates herein by reference the allegations in the preceding paragraphs 1 through 95 above of this Complaint, as if set forth fully herein. Plaintiff brings this cause of action on behalf of himself and the Nationwide Class, including the California Subclass.

103.    Defendants benefitted from his/its/their unlawful acts through the receipt of lease payments on the Leases by Lessees for the Exhibeo System from Plaintiff and other members of the Nationwide Class and the California Subclass. It would be inequitable for Defendants to be permitted to retain the benefit of these lease payments and to continue to demand the payment on the Leases by Lessees.

//

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

[WP/100412 FedComplaint (Final).wpd]                                                                  2795.301A.01

104.   Defendants continue to benefit from his/its/their unlawful acts through the receipt of lease payments on the Leases from the Lessees. It would be inequitable for Defendant to be permitted to retain the benefit of these monies.

105.   Plaintiff and the class are entitled to the establishment of a constructive trust consisting of the benefit to Defendants of such lease payments from which Plaintiff and members of the Nationwide Class may make claims for restitution and disgorgement.

106.   Plaintiff and the class request all other and appropriate relief.

## COUNT VI

### Untrue or Misleading Statements Violation of the California False Advertising Law

### Cal. Bus. & Prof. Code § 17500, et seq.

### (Plaintiff on behalf of the California Subclass v. Defendants)

107.   Plaintiff repeats and incorporates herein all allegations set forth at paragraphs 1 through 95 and 102 through 106 above, as if set forth fully herein. This Count is brought on behalf of all class members who reside in the State of California.

108.   The acts, omissions, and practices of Defendants alleged herein include untrue or misleading statements made in connection with the provision of goods and services which were known, or which by the exercise of reasonable care should have been known, to be untrue or misleading, in violation of Cal. Bus. & Prof Code § 17500, et seq.  These untrue or misleading statements include, but are in no way limited to, the following:

a.   Representing that there was a reasonable basis for BRICAN and VISO to enter into the Marketing Agreement when there was no reasonable expectation that VISO would ever be able to make any such payments;

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

29

**CLASS ACTION COMPLAINT**

b.      Representing that the Leases would be paid for by the advertising fees payable pursuant to the Marketing Agreement;

c.      Representing that the Marketing Agreement obligation, upon to default, that BRICAN LLC would buy back the Exhibeo System was reasonably based;

d.      Representing through marketing, in a uniform and systematic manner, that the Leases could be canceled if BRICAN LLC and VISO discontinued payments on the Marketing Agreement;

e.      Representing that the Exhibeo System had a valuation of not less than $27,000, based upon the present value of the lease payments, when it was being purchased for only $2,400;

f.      Representing that the Exhibeo System had a present value of not less than $27,000 when as late as April of 2006 the same system had been sold at only $13,000;

g.      Representing that the on line library of the Exhibeo System would be maintained when the scheme would run out of funds when new leases placed were less than the obligations on the old leases for Marketing Agreement payments;

h.      Representing that "Share Your Screen Earn Some Green" was reasonably based when the same was a scheme to generate lease placements; and

i.      Other untrue or misleading statements as alleged above.

109.    Plaintiff and the California Subclass have suffered harm and lost money or property as a result of Defendants' violations of California Business and Professions Code § 17500, et seq., including paying monthly payments on the Leases and other fees and charges to Defendants.

110.    Pursuant to Cal. Bus. & Prof. Code § 17535, Plaintiff and the California Subclass seek restitution, disgorgement, injunctive relief and all other

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

30

**CLASS ACTION COMPLAINT**

relief from Defendants allowed under Cal. Bus. & Prof Code § 17500, et seq. Plaintiff and the California Subclass also seek attorney's fees pursuant to Cal. Code Civ. Proc. § 1021.5, as well as such other and further relief as the Court deems just and proper.

## COUNT VII

### Fraudulent, Unfair, and Deceptive Business Practices Violation of the California Unfair Competition Law Cal. Bus. & Prof. Code § 17200, et seq.

### (Plaintiff on behalf of the California Subclass v. Defendants)

111.   Plaintiff repeats and incorporates herein all allegations set forth at paragraphs 1 through 95 and 102 through 110 above, as if set forth fully herein. This Count is brought on behalf of all class members who reside in the State of California.

112.   By engaging in the acts and practices described herein, Defendants have committed one or more unfair business practices within the meaning of Cal. Bus. & Prof. Code §§ 17200, et seq.

113.   The acts, omissions, and practices alleged in the Complaint constitute a continuous course of unfair, unlawful, and/or fraudulent business practices within the meaning of Cal. Bus. & Prof Code § 17200, et seq. including, but in no way limited to, the following:

   a.   The violation of Cal. Bus. & Prof. Code § 17500 set forth above;

   b.   Other unfair, unconscionable, misleading or fraudulent conduct as alleged above.

114.   Plaintiff and the California Subclass have suffered harm and loss of money or property as a result of such unfair and unlawful business practices, including payments on the Leases and other fees and charges by Defendants.

//

//

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

31

**CLASS ACTION COMPLAINT**

2795.301A.01

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

115.   On information and belief, Defendants are continuing to collect payments from Lessees on the Leases and to threaten collection action and adverse credit reporting if any of the Lessees discontinue the payments on the Leases, and there is no indication that Defendants will stop this conduct in the future. Defendants' unlawful and unfair business practices will continue to cause members of the California Subclass harm.

116.   Pursuant to Cal. Bus. & Prof Code § 17204, Plaintiff and the California Subclass seek restitution, disgorgement, injunctive relief and all other relief from Defendants allowed under Cal. Bus. & Prof. Code § 17200, et seq. Plaintiff and the California Subclass also seek attorney's fees pursuant to Cal. Code Civ. Proc. §1021.5, as well as such other and further relief as the Court deems just and proper.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class pray that the Court enter judgment in his/their favor as follows:

1.   Declaring that this action is a proper class action both nationwide and in California and certifying Plaintiff as the representative of the Classes pursuant to Rule 23 of the Federal Rules of Civil Procedure;

2.   Declaring that Defendants have breached each of the Leases and the coupled Marketing Agreement by refusing to cancel the same.

3.   Declaring that Defendants have breached the covenant of good faith and fair dealing in each of the Leases and the coupled Marketing Agreement by refusing to cancel the same;

4.   Declaring that Defendants hold all payments on the Leases in constructive trust for the benefit of payment to plaintiffs;

5.   Declaring that AOL has violated and is in violation of Cal. Bus. & Prof. Code § 17500, et seq.;

//

32

**CLASS ACTION COMPLAINT**

6.     Declaring that AOL has violated and is in violation of Cal. Bus. & Prof. Code § 17200, et seq.;

7.     Declaring that Defendants have violated and are in violation of the common law;

8.     Awarding Plaintiff and the Classes injunctive relief including but not limited to enjoining Defendants from any efforts to collect on the Leases and to enjoin the adverse credit reporting associated with such non-payment.

9.     Ordering Defendants to disgorge revenues and profits wrongfully obtained and awarding restitution to Plaintiff and members of the Classes;

10.     Awarding Plaintiff and members of the Classes punitive and exemplary damages;

11.     Awarding Plaintiff and members of the Class costs, interest, expenses and attorneys' fees for bringing and prosecuting this action; and

12.     Whatever other and further relief the Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby respectfully demands a trial by jury for all causes of action so triable.

DATED: April 12, 2010.

Kenneth J. Catanzarite,
*for* Catanzarite Law Corporation
Attorneys for VIJAY PATEL, on behalf of himself and all others similarly situated

CATANZARITE LAW CORPORATION
2331 WEST LINCOLN AVENUE
ANAHEIM, CALIFORNIA 92801
TEL: (714) 520-5544 • FAX: (714) 520-0680

33

**CLASS ACTION COMPLAINT**

# APPENDIX I

## Defined Terms and Acronyms

| Terms/ Acronym | Full Description | Page(s) Defined |
|---|---|---|
| BRICAN | BRICAN INC and BRICAN LLC, jointly and severally. | 4 |
| BRICAN INC | BRICAN AMERICA INC., a Florida corporation. | 3 |
| BRICAN LLC | BRICAN AMERICA, LLC, a Florida limited liability company. | 3 |
| CAFA | The Class Action Fairness Act. | 3 |
| Class Period | May 2006 to Present. | 20 |
| Client | Person(s) whom as Lessees entered into two separate agreements, an Equipment Lease Application and Agreement for the "Exhibeo System", by and between BRICAN INC and the lessee, and a Marketing Agreement, by and between, BRICAN LLC and VISO on the one hand and the Plaintiff and class, on the other. | 14 |
| Defendants | Collectively NCMIC Finance Corporation, doing business as Professional Solutions Financial Services, NCMIC Finance Corporation of California, Brican America Inc., Brican America, LLC, Jean Francois (Jack) Vincens, Jack Lemacon, Viso Lasik Medspas, LLC. | 1 |
| Deposition | The deposition testimony of VINCENS on October 8, 2009 in litigation between PSFS and BRICAN INC, in the U.S. District Court for the Southern District of Florida, Case No. 09-21192. | 5 |
| Equipment Description | The Exhibeo System as named in the Equipment Lease Application and Agreement. | 15 |
| Exhibeo System | Equipment consisting of a combined television/computer system, described under the marketing and system name, Exhibeo System, which displays health care information to patients visiting the Lessees' offices and sold by salespersons of BRICAN INC and BRICAN LLC. | 1, 6 |
| Green Promotion | The *"Share Your Screen Earn Some Green"* promotion launched by VINCENS in May of 2006. BRICAN in conjunction with VISO, and with the knowledge of PSFS, in a uniform and systematic manner, marketed the Exhibeo System as a 'no cost' system on a "Share Your Screen. Earn Some Green" promotion. | 7, 13 |
| kiosks | Electronic billboards and kiosks used by Recomm | 8 |

| Terms/ Acronym | Full Description | Page(s) Defined |
|---|---|---|
| LEMACON | JACK LEMACON | 4 |
| Lessees | Plaintiff, Vijay Patel, and all others similarly situated | 1 |
| Leases | The Equipment Lease Application and Agreement, dating from May 2006, with those persons who purchased equipment, the Exhibeo System, from salespersons of BRICAN INC and BRICAN LLC each of which was coupled with a Marketing Agreement. | 1 |
| Lessor | BRICAN INC as named in the Equipment Lease Application and Agreement. | 15 |
| Marketing Agreement | Marketing Agreement between Lessees and salespersons of BRICAN INC and BRICAN LLC each of which was coupled with the Exhibeo System. | 1 |
| PATEL | Vijay Patel | 3 |
| Plaintiff | Plaintiff Vijay Patel, on behalf of himself, and all others similarly situated | 1 |
| PSFS | NCMIC Finance Corporation, doing business as Professional Solutions Financial Services, an Iowa corporation | 4 |
| PSFS-CA | NCMIC Finance Corporation of California, a California corporation | 4 |
| Recomm | Optical Technologies, Inc., and a group of affiliated companies, Recomm International Display Corp., Recomm Operations, Inc, and Recomm Enterprises, Inc. | 7 |
| VINCENS | Jean Francois (Jack) Vincens | 4 |
| VISO | Viso Lasik Medspas, LLC, a Florida limited liability company | 4 |

EXHIBIT "A"

# MARKETING AGREEMENT

This Marketing Agreement shall be made part of the Purchase Order #_____

A) **Complimentary Cards:** VISO LASIK MEDSPAS will provide the Client, on demand, with unlimited "Complimentary MedSpa" gift cards ($55 value), allowing the client to reward patients for their faithfulness.

B) **Network:** The Client will automatically belong to the Viso network and will be listed as such on the local VISO LASIK MEDSPAS website. Every patient coming to the VISO LASIK MEDSPAS will be directed to a member of the network if he/she has the need for a specialist in the area.

C) **Preferred rates:** As part of this agreement, the Client and any employees of the Client will be eligible for a 50% discount on LASIK surgery. The Client, employees and relatives are also eligible for the Passport program. They will receive a 50% discount on all Medspa treatments up to the time they recoup the cost of LASIK procedure.

D) **Purchase of Advertising:** Brican America LLC (Brican), on behalf of VISO LASIK MEDSPAS LLC, shall purchase advertising space from the Client in accordance with the terms of this Agreement for each year that this Agreement remains in effect. The purchase of the advertising space hereunder may be made by Brican or any other entity in which Brican is related by ownership.

E) **Advertising Space:** The Client agrees to allow Brican to insert advertising spots within the animations or messages chosen and displayed by the Client. Brican advertising space will not exceed one tenth (1/10) of the space occupied by the Client and will consist of 15 seconds animations after each sequence of 4 client's animations.

F) Content of Advertising: (Mark one option)

❑ Brican reserves the exclusive right, even if the local LASIK center is not open yet, to run any advertisements or placing of posters and printed materials regarding Laser Vision Correction, Refractive Surgery and LASIK Centers practicing these procedures.

❑ Brican reserves the exclusive right to advertise products sold within the Client's practice. Any income derived from advertising sold by Brican will be retained by Brican.

G) **Advertising Fees:** Brican agrees to pay Client a minimum of $_____ per year for advertising space, for each year this Agreement remains in effect. Within thirty (30) days following the end of each year of the term of this Agreement, Brican will review the value of the advertising space provided by Client, taking into account potential customer volume at Client's facility and actual business generated from LASIK patients from such advertisements except for those receiving co-management fees from VISO LASIK MEDSPAS. Brican will adjust the annual advertising payment, on an annual basis, retroactive to the beginning of the then current year of the term, based upon Brican's determination of the fair market value of advertising space at Client's facility but the annual value will never be less than the minimum amount specified above.

H) **Timing of Payments:** Client will become <u>eligible</u> for the payment schedule described below 90 days after delivery of the Exhibeo Concept. **This does not mean the quarterly payments begin after 90 days.** All applicable payments issued by Brican to the Client, in accordance with Paragraph D, will be paid on a quarterly basis according to the following schedule: January 1st / April 1st / July 1st / October 1st. The first and last payments will be prorated.

I) **Term:** This Agreement shall be effective for a period of two years following delivery of the Exhibeo Concept, and shall automatically be renewed for three (5) additional, consecutive one year terms, unless terminated by the Client upon written notice to Brican. Brican may terminate this Agreement upon written notice to the Client if the Client is in default with respect to lease payments to the institution which is financing the Exhibeo Concept for the Client.

J) **Cancellation:** If VISO LASIK MEDSPAS fails to honor its commitment relating to the advertising fees and if the Client requests it, Brican will repurchase the Client's lease agreement in regard to the Exhibeo Concept.





VISO
LASIK MEDSPAS

Client

_Salvatore M. DeCanio_     _X_____

WHITE: To Company                                                                YELLOW: To Client:

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Andrew Guilford and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

## SACV10- 453 AG (MLGx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [X] **Southern Division** | [ ] **Eastern Division** |
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
VIJAY PATEL, on behalf of himself and all those similarly situated

**DEFENDANTS**
NCMIC Finance Corporation, doing business as Professional Solutions an Iowa corporation; NCMIC Finance Corporation of California; Brican America Inc. Brican America, LLC; Jean Francois Vincens; Jack Lemacon; Viso Lasik Medspas, LLC

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Kenneth J. Catanzarite
CATANZARITE LAW CORPORATION
2331 West Lincoln Avenue, Anaheim, CA 92801; Tel: (714) 520-5544

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☒ Yes  ☐ No   ☒ **MONEY DEMANDED IN COMPLAINT: $** 30 MILLION

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Breach of Contract, Breach of Fiduciary Duty of Good Faith and Fair Dealing, Fraud, Negligent Misrepresentation, Unjust Enrichment, Violation of CA False Advertising Law Cal Bus & Prof Cod § 17500, et seq; Violation of CA Unfair Competition Law Cal Bus. & Prof Cod § 17200, et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☒ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

SACV10-00453

**FOR OFFICE USE ONLY:** Case Number: _____

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☐ No ☑ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                        ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                        ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                        ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Vijay Patel - County of Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| NCMIC Finance Corporation, doing business as Professional Solutions Financial Services - Orange County, CA; NCMIC Finance Corporation of California-Orange County, | Please See Attachment. |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County, California - All Claims | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Kenneth J. Catanzarite_        Date _April 12, 2010_

    **Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

**Attachment to United States District Court, Central District of California**
**CIVIL CASE COVER SHEET**

IX.  Venue:

(b) List the Count in this District; California County outside of this District; State if other than California; or Foreighn County, in which EACH named defendant resides.

California County outside of this District; State, if other than California; or Foreign County:

NCMIC Finance Corporation - Polk County, Iowa
Brican America Inc. - Dade County, Florida
Brican America, LLC - Dade County Florida
Jean Francois Vincens - Unknown County, State of Florida
Jack Lemacon - Unknown County, State of Florida
Viso Lasik Medspas, LLC - Dade County, Florida